UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. RODRIGUEZ,<br><br>     Plaintiff,<br><br>     v.<br><br>JEFFREY BEARD, et al.,,<br><br>     Defendants. | No.  2:  14-cv-1049 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to the jurisdiction of the undersigned.  (ECF No. 5.) Pending before the court is plaintiff's motion for leave to file a second amended complaint.  (ECF No. 26.)  For the following reasons, this motion is denied.

Background

On April 28, 2014, plaintiff filed his original 36 page complaint.  (ECF No. 1.)  On June 11, 2014, the undersigned issued a thirteen page order screening the original complaint.  (ECF No. 9.)  The original complaint contained four claims:  denial of access to the courts; retaliation; race-based lockdowns; and intentional infliction of emotion distress.  The undersigned found that plaintiff had not stated potentially colorable claims for relief and granted plaintiff thirty days to file an amended complaint.

////

On July 14, 2014, plaintiff filed a first amended complaint. (ECF No. 13.) On July 21, 2014, plaintiff filed a second amended complaint. (ECF No. 15.) On September 5, 2014, the undersigned issued a seventeen page order screening the second amended complaint. (ECF No. 18.) As did the original complaint, the second amended complaint contained claims alleging retaliation, race-based lockdowns and inadequate law library access. The undersigned dismissed plaintiff's claims alleging inadequate law library access on grounds that he did not allege an actual injury. The undersigned found that plaintiff's claims alleging that defendants Foulk and St. Andre subjected him to a race-based lockdown on March 17, 2013, was potentially colorable. The undersigned further found that plaintiff stated a potentially colorable retaliation claim against defendant Matis.

In the September 5, 2014 order, the undersigned noted that he had spent considerable time reviewing plaintiff's complaint and second amended complaint. For that reason, and because the undersigned believed that plaintiff had had ample opportunity to amend his claims, plaintiff was not granted an opportunity to file a third amended complaint.

Motion to Amend

In the pending motion, plaintiff requests permission to file a third amended complaint (which he labels as a "second amended complaint") in order to clarify his claims against some of the dismissed defendants as well as his access to the courts claim.

Before trial, a party can amend its complaint *once* twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 15(a)(1). The court can also grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court will decline to grant leave to amend if the party opposing amendment shows "bad faith, undue delay, prejudice to the opposing party, futility of amendment," or that the plaintiff has previously amended the complaint without healing its defects. United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011) (citing Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)).

As indicated above, the undersigned spent considerable time evaluating plaintiff's claims against all defendants, including his access to the courts claims, and ordered service of those

2

1 claims found potentially colorable.  In the order screening the original complaint, plaintiff was
2 advised of the legal standards for his claims.  Despite the careful screening order, plaintiff did not
3 cure the pleading defects in his second amended complaint.  For these reasons, plaintiff's motion
4 to amend is denied.

5     In the pending motion, plaintiff requests that if the court denies his motion to amend, that
6 it certify for appeal the portion of the September 5, 2014 order dismissing his claims found non-
7 colorable.  On September 18, 2014, plaintiff filed an appeal regarding the September 5, 2014
8 order.  (ECF No. 19.)  On October 28, 2014, the Ninth Circuit Court of Appeals dismissed
9 plaintiff's appeal for lack of jurisdiction.  (ECF No. 24.)  Because the Ninth Circuit has already
10 rejected plaintiff's appeal, there is no appeal to certify.

11     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend (ECF No. 26)
12 is denied.

13 Dated:  January 5, 2015

15 Rod1049.den

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3