UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. RODRIGUEZ, | No. 2:14-cv-1049 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to sever misjoined claims and defendants.  (ECF No. 41.)  For the following reasons, the undersigned recommends that defendants' motion be granted.

Background

On April 28, 2014, plaintiff filed the original complaint.  (ECF No. 1.)  On June 11, 2014, the undersigned issued a thirteen page order dismissing the original complaint with leave to amend.  (ECF No. 9.)

On July 14, 2014, plaintiff filed a first amended complaint.  (ECF No. 13.)  On July 21, 2014, plaintiff filed a second amended complaint.  (ECF No. 16.)

On September 5, 2014, the undersigned issued a seventeen page order screening the second amended complaint.  (ECF No. 18.)  In this order, the undersigned ordered service of the

claim that defendants Foulk and St. Andre subjected plaintiff to a race-based lockdown on March 17, 2013. (Id. at 14.) The undersigned also ordered service of plaintiff's claim that defendant Law Librarian Matis retaliated against plaintiff for helping an inmate fill out a 602 form and for filing a CDCR 22 form by firing him from his job on April 24, 2013. (Id. at 14-15.) The undersigned dismissed the remaining claims and defendants.[1] (Id.)

On November 17, 2014, plaintiff filed a motion to amend and proposed third amended complaint. (ECF Nos. 26, 27.) On January 5, 2015, the undersigned denied plaintiff's motion to amend. (ECF No. 30.) In this order, the undersigned observed that he had spent considerable time evaluating plaintiff's claims raised in the original and second amended complaints. (Id.)

Discussion

In the pending motion, defendants move to sever the claims against Matis from the claims against defendant Foulk and St. Andre on grounds that they are improperly joined.

While multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Federal Rule of Civil Procedure 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

Further, parties may be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. The court, on its own initiative, may dismiss misjoined parties from an action, and

---

[1] Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 5.) Defendants have not consented to the jurisdiction of the undersigned.

any claim against a misjoined party may be severed and proceeded with separately.  See Fed. R. Civ. P. 21.

Defendants argue that plaintiff's claims against defendants Foulk, St. Andre and Matis did not arise from a single transaction or occurrence.  Defendants further argue that there are no common questions of law or fact between the claims against these defendants.

In his opposition, plaintiff argues that defendants Foulk and St. Andre supervised defendant Matis.  Plaintiff argues that his allegations linking defendants Foulk and St. Andre to his claim against defendant Matis are contained in the third amended complaint he was not permitted to file.  As discussed above, the undersigned denied plaintiff's motion for leave to file a third amended complaint.  This action is proceeding on the second amended complaint which does not link defendants Foulk and St. Andre to the retaliation claim against defendants Matis.

Moreover, as observed by defendants in the reply, plaintiff's third amended complaint does not adequately link defendants Foulk and St. Andre to the retaliation claim against defendant Matis.  In the third amended complaint, plaintiff relied on the processing of his administrative grievance regarding the firing of plaintiff by defendant Matis to link defendants Foulk and St. Andre to his retaliation claim.  On July 16, 2013, defendant St. Andre denied plaintiff's grievance alleging that defendant Matis improperly removed him from his job on April 24, 2014.  (ECF No. 27 at 98.)  In other words, plaintiff had already been fired when defendant St. Andre denied this grievance.  Defendants correctly observe that plaintiff does not allege that either defendant Foulk or St. Andre had any occasion to prevent, much less participate in, defendant Matis' firing of plaintiff.

In his opposition to the pending motion, plaintiff argues that his screened-out injunctive relief claim against California Department of Corrections ("CDCR") Secretaries Beard, Cate and McDonald, in which he sought to expunge his prison record, linked his claims against defendant Foulk, St. Andre and Matis.  Plaintiff argues that defendants Foulk, St. Andre and Matis do not have the authority to comply with court orders for the expungement of his prison record.  Even if defendants Beard, Cate and McDonald were still in this action for injunctive relief purposes only, their presence would not adequately link the claims against defendants Foulk, St. Andre and

Matis.

The undersigned agrees with defendants that the race-based lockdown claim against defendants Foulk and St. Andre is unrelated to the retaliation claim against defendant Matis. The race-based lockdown and retaliation claims contain no common questions of law or fact. For these reasons, defendants' motion to sever should be granted. The undersigned recommends that this action proceed on the race-based lockdown claims against defendants Foulk and St. Andre and that the retaliation claim against defendant Matis be dismissed without prejudice. If plaintiff would prefer to proceed on his retaliation claim against defendant Matis in this action, he may notify the court in his objections to these findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that defendants' motion to sever (ECF No. 41) be granted; the retaliation claim against defendant Matis be dismissed; and defendants Foulk and St. Andre be ordered to file a response to the second amended complaint within twenty days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rod1049.57