UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. RODRIGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY BEARD, et al.,<br><br>  Defendants. | No. 2:14-cv-1049 MCE KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are two separate requests by plaintiff for issuance of subpoenas (ECF Nos. 79, 83), and plaintiff's motion for an extension of time to conduct discovery and for appointment of counsel (ECF No. 82.)

Background

This action proceeds on the second amended complaint as to plaintiff's retaliation claim against defendant High Desert State Prison ("HDSP") Library Technical Assistant ("LTA") Matis.  (ECF No. 15.)  Plaintiff alleges that defendant Matis retaliated against him for helping an inmate file a 602 grievance and for filing a CDCR 22 form asking her to clarify law library procedures.  Plaintiff alleges that defendant Matis retaliated against him by firing him from his job, denying his request to use the law library paging system, and by denying his requests for law library access.

On November 4, 2015, the court issued a scheduling order. (ECF No. 66.) This order stated that the parties could conduct discovery until February 19, 2106. The court stated that any motions necessary to compel discovery must be filed by that date. The order also stated that all requests for discovery were to be served not later than sixty days prior to that date, i.e., by December 21, 2015. The order stated that all pretrial motions were due on or before May 13, 2016.

Motion for Extension of Time to Conduct Discovery and For Appointment of Counsel

Plaintiff requests an extension of time to serve defendant with responses to defendant's discovery requests and also with a request for admissions. In the opposition, defendant states that plaintiff timely served his responses to defendant's discovery requests. Accordingly, only plaintiff's request for an extension of time to serve defendant with a request for admissions is at issue.

In the opposition, defendant states that on January 7, 2016, plaintiff served defendant with an untimely request for admissions. Defendant argues that plaintiff has not shown good cause for his nunc pro tunc request for extension of time to serve defendant with the request for admissions. If plaintiff's request for extension of time is granted, defendant requests that the deadline for filing dispositive motions be extended to July 15, 2016.

After reviewing plaintiff's request, the undersigned finds that plaintiff has shown sufficient grounds to grant his request for extension of time. Because defendant has already received the request for admissions, defendant is ordered to serve plaintiff with responses within thirty days. Plaintiff may file a motion to compel within thirty days thereafter. The dispositive motion deadline is reset to July 15, 2016.

With respect to plaintiff's motion for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider

plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

      Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Request for Subpoenas

      On January 11, 2016, plaintiff filed a request for six subpoenas for non-prisoner witnesses to appear at trial. (ECF No. 79.) Plaintiff's request is premature. Plaintiff shall make his request for non-prisoner witnesses in his pretrial statement. At that time, the court will consider whether subpoenas should be issued for non-party witnesses.

      On January 28, 2016, plaintiff filed a motion for issuance of a subpoena addressed to HDSP Warden Foulk seeking various documents. (ECF No. 83.) Plaintiff requests that the court order the U.S. Marshal to serve the subpoena without cost to plaintiff. (Id. at 3.) Plaintiff seeks the following 19 categories of documents:

    1. All documents that refer or relate to policies, procedures and practices in effect in April 2013 at HDSP regarding the operation of the Facility C law library.

    2. All documents from plaintiff's central file lodged between April 1, 2013 and March 4, 2014, regarding any classification committee decisions, job assignments, disciplinary actions, etc.

    3. All documents that refer or relate to policies, procedures and practices in effect from April 2013 through March 2014 for HDSP staff regarding the classification, assignment, reassignment or removal of inmates from paid positions.

    4. All documents from the Facility C law library that refer to plaintiff between April 1, 2013 and March 2014 that show that he signed in and out of the library, library access forms that were either granted or denied. "PLU" requests, etc.

3

5. All policies, procedures and practices in effect from April 1, 2013 through March 4, 2014 for HDSP regarding the use of the law library, etc.

6. All documents used by HDSP to record plaintiff's work assignment between April 1, 2013 and March 4, 2014.

7. All documents that refer or relate to appeal log no. HDSP 13-01456.

8. Request no. 8 is identical to request no. 7.

9. Any and all documents showing communications between defendant Matis and anyone else from April 1, 2013 and March 4, 2014 regarding the operation of the law library, chronos for or against other clerks she supervised, etc.

10. Any and all documents that refer to policies, procedures and practices in effect from April 1, 2013 through March 4, 2014 for HDSP regarding the service of legal mail to inmates, etc.; this request includes, but is not limited to, logs regarding plaintiff's legal mail, the legal mail of inmates Leon, including inmate Leon's law library access request forms, inmate Jorge Garcia's law library access request forms for this period, etc.

11. All documents showing communication between defendant Matis and CCII Lopez regarding appeal no. HDSP 13-1456.

12. Any documents showing communication between defendant Matis and the job assignment office from April 1, 2013 through March 4, 2014.

13. Any and all documents that refer or relate to defendant Matis regarding HDSP 602 appeals filed between April 1, 2013 and March 4, 2014.

14. All documents that refer or relate to plaintiff's job descriptions from May 10, 2012 through March 4, 2014.

15. All documents that refer or relate to inmate advisory council meetings with defendant defendant Matis between April 1, 2013 through March 4, 2014, at Facility C.

16. Any and all documents received, read or reviewed by defendant Matis that refer to training, policies, procedures or practices on the operations of the law library at HDSP.

17. All documents that refer or relate to policies, procedures or practices in effect from April 1, 2013 through March 4, 2014, regarding lockdown, modified programs, program status

4

1 reports, CDCR 3022 Forms submitted, etc.

2    18.  The identity of the authors named in request no. 7, including their ID badges and
3 where they can be served with subpoenas.

4    18.  The Facility C law library in and out log for inmates Garcia and Leon from April 1,
5 2013 through November 30, 2013.

6    The court must "issue and serve all process and perform all such duties" for a plaintiff
7 proceeding in forma pauperis.  28 U.S.C.1915(d).  Plaintiff, proceeding in forma pauperis, thus
8 "is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal.
9 28 U.S.C.1915(d)." Heilman v. Lyons, 2010 WL 5168871, *1 (E.D.Cal. Dec.13, 2010); but see,
10 Garcia v. Grimm, 2012 WL 216565, * 4 (S.D.Cal. Jan.23, 2012) (citing Tedder v. Odel, 890 F.2d
11 210, 211, 212 (9th Cir.1989) ("Plaintiff, however, is responsible for paying all fees and costs
12 associated with the subpoenas....fees are not waived based on Plaintiff's in forma pauperis
13 status").

14    Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena,
15 "'[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not
16 taken lightly by the court,' Austin v. Winett, 2008 WL 5213414, *1 (E.D.Cal. 2008); 28 U.S.C. §
17 1915(d)." Alexander v. California Dept. of Corr., 2010 WL 5114931, *3 (E.D.Cal. 2010).

> Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information.  Fed.R.Civ.P. 26, 45.  A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party.  See, e.g., Davis v. Ramen, 2010 WL 1948560, *1 (E.D.Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D.Cal. 2010).  The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum."  Badman v. Stark, 139 F.R.D. 601, 605 (M.D.Pa. 1991); see also, United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Badman, 139 F.R.D. at 605.  Alexander v. California Dept. of Corrections, 2010 WL 5114931 * 3 (E.D.Cal. 2010).

28 Id.; Lopez v. Schwarzenegger, 2012 WL 78377 (E.D.Cal. Jan.10, 2012) (same).

1    It appears that many of the documents requested by plaintiff in the proposed subpoena could have been sought in a request for production of documents addressed to defendant Matis. The requests seeking documents related to the law library, plaintiff's employment there, his job description while employed at the law library and communications between defendant Matis and other persons could have been made to defendant Matis in a request for production of documents, i.e., request nos. 1, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 19.  Accordingly, plaintiff's request that the court order the U.S. Marshal to serve the subpoena asking Warden Foulk to produce these documents is denied.

In addition, it appears that several of the requests seek information equally available to plaintiff. For example, request no. 2 seeks documents from plaintiff's central file. Documents in plaintiff's central file are available to plaintiff. Plaintiff also seeks documents regarding his administrative grievance no. 13-1456 in request nos. 7, 8 and 18. Documents regarding this grievance are also available to plaintiff in his central file.

Several of plaintiff's requests are overbroad. For example, request no. 15 seeks all documents regarding inmate advisory meetings with defendant Matis from April 1, 2013 through March 4, 2014, in Facility C. It is not clear how every inmate advisory meeting attended by defendant Matis during this time frame is relevant to this action. Plaintiff's request for all 602s filed against defendant Matis from April 1, 2013 through March 4, 2014, in request no. 13, is also overbroad.

It is not clear that several of plaintiff's requests seek relevant information. For example, in request no. 19, plaintiff seeks the law library logs for inmates Garcia and Leon from April 1, 2013, through November 30, 2013. While plaintiff may have been retaliated against for allegedly assisting these inmates, it is not clear how the law library logs for these inmates for these eight months are relevant to plaintiff's retaliation claim.

For the reasons discussed above, plaintiff's request that the court order the U.S. Marshal to serve a subpoena on Warden Foulk for the documents discussed above is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for issuance of subpoenas (ECF Nos. 79, 83) are denied;

2. Plaintiff's motion for appointment of counsel (ECF No. 82) is denied;

3. Plaintiff's request for an extension of time to conduct limited discovery (ECF No. 82) is granted;

4. Defendant shall serve plaintiff with responses to the already-served requests for admissions within thirty days of the date of this order; plaintiff may file a motion to compel within thirty days thereafter; the dispositive motion deadline is extended to July 15, 2016.

Dated:  March 16, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rod1049.dis