1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEAN C. RODRIGUEZ,                           No.  2:14-cv-1049 MCE KJN P

12                   Plaintiff,

13           v.                                     ORDER

14    JEFFREY BEARD, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court are several matters.

19    Background

20          This action proceeds on the second amended complaint as to plaintiff's retaliation claim

21    against defendant High Desert State Prison ("HDSP") Library Technical Assistant ("LTA")

22    Matis.  (ECF No. 15.)  Plaintiff alleges that defendant Matis retaliated against him for helping an

23    inmate file a 602 grievance and for filing a CDCR 22 form asking her to clarify law library

24    procedures.  Plaintiff alleges that defendant Matis retaliated against him by firing him from his

25    job, denying his request to use the law library paging system, and by denying his requests for law

26    library access.

27    ////

28    ////

                                                    1

1  Motion for Certification of Subpoenas and to Reopen Discovery for Service of Subpoenas (ECF

2  Nos. 90, 91)

3  *Legal Standard*

4  Where a party requests to reopen discovery after discovery has closed, the request also

5  must meet the requirements of Federal Rule of Civil Procedure 16.  Federal Rule of Civil

6  Procedure 16(b)(4) allows the court to modify its scheduling order for good cause.  The "good

7  cause" standard focuses primarily on the diligence of the party seeking the amendment.  Johnson

8  v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "[C]arelessness is not

9  compatible with a finding of diligence and offers no reason for a grant of relief."  Id.  "Although

10  the existence or degree of prejudice to the party opposing the modification might supply

11  additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons

12  for seeking modification."  Id.  The Court has wide discretion to extend time, Jenkins v.

13  Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996), provided a party

14  demonstrates some justification for the issuance of the enlargement order.  Fed. R. Civ. P.

15  6(b)(1); Ginett v. Fed. Express Corp., 166 F.3d 1213 at *5 (6th Cir. 1998).

16  *Background*

17  On November 4, 2015, the court issued a scheduling order.  (ECF No. 66.)  This order

18  stated that the parties could conduct discovery until February 19, 2016.  The order stated that any

19  motions to compel must be filed by that date.  The order also stated that all requests for discovery

20  were to be served not later than sixty days prior to that date, i.e., by December 21, 2015.

21  On January 28, 2016, plaintiff filed a motion for issuance of a subpoena addressed to High

22  Desert State Prison ("HDSP") Warden Foulk seeking various documents.  (ECF No. 83.)

23  Plaintiff requested that the court order the U.S. Marshal to serve the subpoena without cost to

24  plaintiff.  Plaintiff sought 19 categories of documents.

25  On March 16, 2016, the undersigned denied plaintiff's motion for issuance of a subpoena

26  addressed to Warden Foulk.  (ECF No. 87.)  In part, the undersigned found that many of the

27  documents requested by plaintiff could have been sought in a request for production of

28  documents addressed to defendant.

2

1    The March 16, 2016 order also addressed plaintiff's motion for an extension of time to

2    conduct discovery.  (ECF No. 82.)  Plaintiff sought an extension of time to serve defendant with

3    request for admissions.  According to defendant in the opposition to this request, plaintiff served

4    the untimely request for admissions on January 7, 2016.  In the March 16, 2016 order, the

5    undersigned granted plaintiff's motion for extension of time to serve defendant with the request

6    for admissions.  The undersigned ordered defendant to serve plaintiff with a response to the

7    request for admissions within thirty days.

8    On March 23, 2016, pursuant to the mailbox rule, plaintiff filed objections to the March

9    16, 2016 order denying his request for issuance of a subpoena.  (ECF No. 88.)  On April 21, 2016,

10   the Honorable Morrison C. England construed plaintiff's objections as a request for

11   reconsideration, and denied the request.  (ECF No. 89.)

12   In the motion for certification of subpoenas and the motion to re-open discovery, both

13   filed May 18, 2016, plaintiff again requests that the court order service of a subpoena on Warden

14   Foulk for the documents previously sought in the January 28, 2016 request.  In essence, plaintiff

15   argues that he has recently discovered that defendant is no longer employed by the California

16   Department of Corrections and Rehabilitation ("CDCR").  Because defendant is no longer

17   employed by CDCR, plaintiff argues, defendant cannot produce the documents sought in the

18   subpoena.  Plaintiff learned that defendant is no longer by CDCR in a letter from defense counsel,

19   dated May 6, 2016, addressing plaintiff's concerns regarding defendant's response to his request

20   for admissions.  (See ECF No. 91 at 65.)

21   On May 25, 2016, defendant filed an opposition to plaintiff's motion for certification of

22   subpoenas.  (ECF No. 94.)  In the opposition, defendant observes that plaintiff never served

23   defendant with a request for production of documents.

24   *Analysis*

25   For the following reasons, plaintiff has not shown good cause to reopen discovery so that

26   the court may order service of a subpoena on Warden Foulk for the documents sought in the

27   January 28, 2016 motion for issuance of subpoenas.

28   ////

3

1    At the outset, the undersigned finds that Federal Rule of Civil Procedure 45 subpoenas

2   constitute pretrial discovery that must be served within the specified discovery period.  Dreyer v.

3   GACS, Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001) ("Most courts hold that a subpoena seeking

4   documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject

5   to a scheduling order's general discovery deadlines."); Medimmune, LLC v. PDL Biopharma,

6   Inc., 2010 WL 1266770 (N.D. Cal. Apr. 1, 2010) ("Fed. R. Civ. P. 45 subpoenas constitute

7   pretrial discovery that must be served within the specified discovery period.").

8    Plaintiff argues that discovery should be reopened for service of the subpoena on Warden

9   Foulk because he discovered, through defense counsel's May 6, 2016 letter, that defendant is no

10   longer employed by CDCR.  However, plaintiff did not previously serve a request for production

11   of documents on defendant seeking the requested documents.  Had plaintiff served defendant with

12   a timely request for production of documents, plaintiff would have discovered much earlier that

13   defendant is no longer employed by CDCR.[1]  Plaintiff's failure to serve defendant with a timely

14   request for production of documents demonstrates a lack of diligence regarding the requested

15   documents.

16    For the reasons discussed above, plaintiff's motion for certification of subpoenas and to

17   reopen discovery so that the court may order service of a subpoena on Warden Foulk are denied.

18   Motion to Reopen Discovery (ECF No. 91)

19    Plaintiff requests that discovery be reopened so that he may serve defendant with

20   additional discovery.  (ECF No. 91 at 7.)  Plaintiff argues that in response to a request for

21   admission, defendant stated that although she was trained by CDCR employees, she does not

22   have sufficient information to either admit or deny the request for admission. (Id.)  Plaintiff

23   argues that this response, as well as defendant's departure from CDCR employment, raises "more

24   questions than answers."  (Id.)  Plaintiff requests that he be allowed to serve defendant with

25   additional discovery regarding why her employment with CDCR ended and whether her

26   supervisors failed to train her, which led to the violation of his constitutional rights.  (Id.)

27   _____

28   [1]  Defendant's opposition to the pending motion to compel states that defendant has not been employed by CDCR "for quite some time."  (ECF No. 97 at 4.)

Plaintiff's lack of diligence caused him to only recently discover that defendant is no longer employed by CDCR.  Moreover, it is unlikely that information regarding why defendant is no longer employed with CDCR is relevant to the instant action.

Plaintiff has not shown good cause to be allowed to serve defendant with additional discovery regarding her training.  Plaintiff has not shown diligence regarding this matter, as plaintiff could have served defendant with timely discovery regarding her training.

For these reasons, plaintiff's motion to reopen discovery regarding these matters is denied.

Motion to Compel (ECF No. 91)

Plaintiff seeks to compel further responses to his requests for admissions nos. 1, 2, 3, 11, 12, 13, 26 and 30.  (ECF No.  91 at 3.)

*Legal Standard*

Generally, Federal Rule of Civil Procedure 36(a) requires one of three answers to a request for admission:  (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter.  Fed. R. Civ. P. 36(a)(3); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242 (9th Cir. 1981). A treatise instructs that

> [t]he responding party is required to undertake a 'good faith' investigation of sources reasonably available to him or her in formulating answers to RFAs (similar to the duty owed in responding to interrogatories; [citation] ). [Adv. Comm. Notes to 1970 Amendment to FRCP 36(a) ] Stated otherwise, the responding party must make 'a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control.' [Bouchard v. United States (D.Me. 2007) 241 F.R.D. 72, 76; Henry v. Champlain Enterprises, Inc. (N.D.N.Y. 2003) 212 F.R.D. 73, 78].

The Rutter Group, Cal. Prac. Guide Fed. Civ. Pro. Before Trial, Ch. 1 1(IV)-D, 11:2047 (2011).

*Request No. 1*

Request for admission no. 1 asked defendant Matis to "admit the authenticity of inmate/parolee Form CDCR 602, Log # HDSP C-13-01456, filed by plaintiff on May 13, 2013, attached to the First Amended Complaint…as Appendix L." (Id. at 41.)  Defendant responded that, assuming plaintiff meant the operative second amended complaint,

////

5

> the responding party has made reasonable inquiry and the information she knows or can readily obtain is insufficient to enable her to admit or deny the authenticity of pages 88, 111 and 113 of Exhibit L to the Second Amended Complaint (references to page numbers are to those generated by the court's ECF system).  The responding party admits that the remaining documents contained in Exhibit L of the plaintiff's second amended complaint appear to be copies of documents located in plaintiff's CDCR central file.

(Id. at 42.)

In his May 18, 2016 letter addressing plaintiff's concerns regarding the response to the request for admissions, defense counsel stated, in relevant part:

> With regard to request[] 1…, the defendant largely admitted your request.  In both cases, however, she could not admit to the authenticity of three specific pages from within the larger document.  This was simply because those three pages (88, 111 and 113) do not appear in your CDCR central file.  The defendant is not claiming the pages are not what you claim them to be.  She simply does not know one way or the other.

(Id. at 66.)

Defendant's inability to authenticate documents not located in plaintiff's central file is reasonable.  Defendant's response demonstrates a "good faith investigation of sources reasonably available" to her in formulating her response.  Accordingly, no further response to request no. 1 is required.

*Request No. 2*

Request for admission no. 2 asked defendant to admit the authenticity of several documents including:

> [A]ttachment pages to Appeal 602 Form, to wit:  (1) First Level, Second Level responses authored by R. St. Andre and S. Peery, (2) 128-B1 Chrono authored by defendant Matis, Dated May 8, 2013, and disciplinary Chrono 129-A also authored by defendant Matis, dated May 8, 2013, (3) High Desert Inmate Job Assignment History Sheet, dated May 14, 2913, (4) CDCR 1697 Inmate Work Supervisor's Time Log for the Month [sic] of April 2013, (5) 128-B Chrono authored by LTA Davis, dated April 16, 2013, (6) High Desert Inmate Job Description, dated May 18, 2012, (7) CDCR 2171 Priority Library User (PLU) Request Form from inmate Ramiro Leon, Jr., dated April 24, 2013 signed by defendant Matis and all and any documents relied upon, inclusive in Appendix L of the First Amended Complaint.

(ECF No. 91 at 42.)

1    Defendant responded that, assuming plaintiff meant the operative second amended

2    complaint, and that the plaintiff's reference to various "attachment pages to Appeal 602 Form"

3    was a reference to Exhibit L to his second amended complaint,

> the responding party has made a reasonable inquiry and the
> information she knows or can readily obtain is insufficient to enable
> her to admit or deny the authenticity of pages 88, 111 and 113 of
> Exhibit L to the Second Amended Complaint (references to page
> numbers are those generated by the court's ECF system).   The
> responding party admits that the remaining documents contained in
> Exhibit L of the Second Amended Complaint appear to be copies of
> documents located in the plaintiff's CDCR central file.

9    (Id. at 43.)

10    Request for admission no. 2 appears largely duplicative of request for admission no. 1.

11    For this reason, defendant's response to request no. 2 is adequate.

12    *Request No. 3*

13    Request for admission no. 3 asked defendant to admit the following:

> Admit that the third level responder at Sacramento, notified
> plaintiff, [sic] on March 28, 2014, that the inmate/parolee Appeal
> Form CDCR 602, Log # HDSP-C-13-01456 was completed on
> March 27, 2014 and mailed [sic] to plaintiff's current location, as
> noted in the third level responder's letter, attached as Appendix T to
> the First Amended Complaint.   You are also to admit the
> authenticity of said notification.

18    (Id.)

19    Defendant responded to request for admission no. 3 as follows:

> Without waiving the previously stated objections, the responding
> party admits that the plaintiff filed an inmate appeal (log no. HDSP-
> 13-01456) which was responded to at the third level of appeal on
> March 27, 2014.   The responding party has made reasonable
> inquiry and the information she knows or can readily obtain is
> insufficient to enable her to admit or deny when the plaintiff was
> notified of that response or where that response was mailed.   The
> responding party denies that the third level response states it will be
> "maield [sic] to plaintiff's current location."   The plaintiff's request
> refers to Exhibit T to the First Amended Complaint.   However, the
> Second Amended Complaint is the operative complaint in this
> action.   Assuming that the plaintiff intended to refer to Exhibit T to
> the Second Amended Complaint, the responding party has made
> reasonable inquiry and the information she knows or can readily
> obtain is insufficient to enable her to admit or deny the authenticity
> of Exhibit T.

1    (Id. at 44.)

2           Defense counsel's May 18, 2016 contains the following statement regarding the response

3    to request no. 3:

4                    In request no. 3, the defendant again admitted to much of what you
                     request.  However, the defendant simply does not know when you
5                    were notified that a response to your appeal had been completed.
                     She also does not know where the response was mailed.  She has no
6                    personal knowledge of these matters.  Moreover, this information,
                     including the document you identify as Exhibit "T" does not appear
7                    in your central file.

8    (Id. at 66.)

9           The undersigned finds that defendant adequately responded to request for admission no. 3.

10   Defendant's response that she cannot authenticate a document that is not in plaintiff's central file

11   is reasonable.  Defendant's response that she cannot admit when plaintiff was notified or where

12   the response was mailed because she does not know is also reasonable.  No further response is

13   required.

14          *Request No. 11*

15          Request for admission no. 11 asked defendant to admit the authenticity of "High Desert

16   State Prison, Paging Request Form, submitted on September 28, 2013, to defendant Matis,

17   denying said request that same day, attached as Appendix Q of the First Amended Complaint."

18   (Id. at 48.)  Defendant responded, assuming that plaintiff intended to refer to Exhibit Q of the

19   Second Amended Complaint, "the responding party has made reasonable inquiry and the

20   information she knows or can readily obtain is insufficient to enable her to admit or deny this

21   request."  (Id.)

22          Defense counsel's May 6, 2016 letter contains the following statement regarding the

23   response to request for admission no. 11:

24                   In request number 11, you asked the defendant to admit to the
                     authenticity of a paging request form, identified by you as "Exhibit
25                   Q."  Again, this document does not appear in your central file with
                     all of our various other paging requests, library access requests and
26                   similar documents.  Therefore, the defendant cannot admit to its
                     authenticity.  It may be authentic.  She simply does not know.
27
     (Id. at 66.)
28

                                                    8

1   The undersigned finds that defendant adequately responded to request for admission no.

2   11.  Defendant's response that she cannot authenticate a document that is not in plaintiff's central

3   file is reasonable.  No further response is required.

4   *Request No. 12*

5   Request for admission no. 12 asked defendant to admit the authenticity of "CDCR 2171

6   Priority Library User (PLU) request submitted by plaintiff to defendant Matis on January 18,

7   2014, having both signatures on the form, attached as Appendix R of the First Amended

8   Complaint."  (Id. at 48.)  Defendant responded, assuming that plaintiff intended to refer to Exhibit

9   R of the Second Amended complaint,

> the responding party admits that Exhibit R appears to be a copy of a document located in plaintiff's CDCR central file.  The responding party has made reasonable inquiry and the information she knows or can readily obtain is insufficient to enable her to admit or deny whether this document was submitted to her on January 18, 2014.

13  (Id. at 49.)

14  Defense counsel's May 6, 2016 letter contains the following statement regarding request

15  for admission no. 12:

> In request number 12, the defendant again largely admitted to the request.  However, the defendant has no independent memory of this document and the contents of it are not adequate for her to admit or deny whether it was submitted to her on January 18, 2014.  This is the date you dated it.  It is not the date she signed her response.  There is no other date, such as a "date received," provided on the document.

20  (Id. at 66.)

21  Defendant's response that she cannot admit or deny that the document was submitted on

22  January 18, 2014 because she does not know is reasonable.  Accordingly, no further response is

23  required.

24  *Request No. 13*

25  Request for admission no. 13 asked defendant to admit the authenticity of "CDCR 2171

26  Priority Legal User (PLU) request submitted by inmate Ramiro Leon, Jr., to defendant Matis on

27  April 19, 2013, having both signatures on the form, attached as Appendix S to the First Amended

28  Complaint."  (Id. at 49.)  Defendant responded, assuming that plaintiff intended to refer to Exhibit

9

S of the Second Amended Complaint, "the responding party has made reasonable inquiry and the information she knows or can readily obtain is insufficient to enable her to admit or deny this request." (Id.)

In the opposition, defendant argues that she cannot authenticate the document identified in request no. 13 because it is not plaintiff's central file. (ECF No. 97 at 4.) Defendant argues that the form sought in request no. 13 would be in inmate Leon's central file. Because she is no longer employed by CDCR, and has not been for quite some time, defendant argues that she does not have custody or control over inmate Leon's prison records.

The undersigned finds that defendant's response to request no. 13 is reasonable. Defendant is unable to authenticate documents in inmate Leon's file as she is no longer employed by CDCR. No further response is required.

*Request No. 26*

Request for admission no. 26 asked defendant to admit that she spoke with Mr. J. Cummings "regarding the Appeal Form 602 mentioned in request for admission no. 1 and the allegations by plaintiff." (Id. at 55.) Defendant responded that she had made reasonable inquiry and the information she knows or can readily obtain is insufficient to enable her to admit or deny this request. (Id. at 56.)

Regarding request no. 26, defense counsel's May 6, 2016 letter states,

> In request no. 26, you ask the defendant to admit that she spoke to a Mr. Cummings regarding your inmate appeal. The defendant simply does not recall whether she did or did not speak to him and the appeal documents do no indicate one way or the other.

(Id. at 66.)

Defendant cannot be compelled to admit or deny something to which she does not know the answer. Because defendant adequately responded to request for admission no. 26, no further response is required.

*Request No. 30*

Request no. 30 asked defendant to admit that, "you, or member of your family, or close friend, prior to April 2013 incident [sic] were a victim of (any) crime or wrongdoing." (Id. at 57.)

10

1    Defendant responded that this request for admission was irrelevant and not likely to lead to the

2    discovery of admissible evidence.  (Id.)  Defendant also objected that this request violated the

3    privacy rights of the defendant, her family and close friends.  (Id.)

4         The undersigned finds that the information sought in request no. 30 is not relevant or

5    likely to lead to the discovery of admissible evidence.  No further response to this request for

6    admission is required.

7    Plaintiff's Request to Stay Proceedings Pending Appeal (ECF No. 92)

8         On May 20, 2016, plaintiff filed a motion to stay this action pending his interlocutory

9    appeal filed in the Ninth Circuit Court of Appeals.  (ECF No. 92.)  On June 13, 2016, the Ninth

10   Circuit dismissed plaintiff's appeal.  (ECF No. 98.)  Accordingly, plaintiff's motion to stay is

11   denied as moot.

12   Motion for Temporary Restraining Order (ECF No. 103), Motions for Extension of Time (ECF

13   Nos. 105, 109, 112)

14        The deadline to file dispositive motions was July 15, 2016.  (ECF No. 87.)  On July 15,

15   2016, defendant filed a summary judgment motion.  (ECF No. 102.)

16        On July 18, 2016, plaintiff filed a motion for a temporary restraining order.  (ECF No.

17   103.)  In this motion, plaintiff alleged that he did not have law library access because the prison

18   was on lockdown.  Plaintiff requested an extension of time to file a summary judgment motion

19   based on the alleged inadequate law library access.

20        In the pending motions for extension of time, plaintiff requests extensions of time to file

21   an opposition to defendant's summary judgment motion and to file a cross-motion for summary

22   judgment.  (ECF No. 105, 109, 112.)  It appears from these pleadings that plaintiff now has law

23   library access.

24        Plaintiff is granted twenty-one days from the date of this order to file his opposition and

25   cross-motion for summary judgment.  No further requests for extension of time will be granted.

26   Motion to Stay (ECF No. 108)

27        Pursuant to Federal Rule of Civil Procedure 56(d), plaintiff requests that defendant's

28   summary judgment motion be stayed so that he may conduct additional discovery.  Rule 56(d)

11

1    provides that if a nonmovant shows that it cannot present facts essential to justify an opposition to

2    a summary judgment motion, the court may allow time for the nonmovant to conduct additional

3    discovery.

4         The undersigned will consider plaintiff's motion to stay following submission of

5    defendant's summary judgment motion and plaintiff's cross-motion for summary judgment, i.e.,

6    after these motions are fully briefed.

7         Accordingly, IT IS HEREBY ORDERED that:

8         1.  Plaintiff's motion for certification of subpoena (ECF No. 90) is denied;

9         2.  Plaintiff's motion to compel (ECF No. 91) is denied;

10        3.  Plaintiff's motion for a temporary restraining order (ECF No. 103), construed as a

11   request for extension of time, is granted;

12        4.  Plaintiff's motions for extension of time to file an opposition to defendant's summary

13   judgment motion and a cross-motion for summary judgment (ECF Nos. 105, 109, 112) are

14   granted;

15        5.  Plaintiff's opposition and cross-motion for summary judgment are due within twenty-

16   one days of the date of this order; no further requests for extension of time will be granted;

17        6.  Plaintiff's request to stay this action pending the resolution of his appeal (ECF No. 92)

18   is denied as moot.

19   Dated:  October 28, 2016

20

21                                      KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE
22

23
     Rod1049.sub(2)
24

25

26

27

28