UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　Defendant. | No.  2:14-cv-01049-MCE-KJN-P<br><br>**MEMORANDUM AND ORDER** |

　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　On December 28, 2016, the magistrate judge filed Findings and Recommendations ("F&R") herein, ECF No. 126, which were served on all parties and which contained notice to all parties that any objections to the F&R were to be filed within fourteen days.  Plaintiff has filed Objections, ECF No. 131, to the F&R, and Defendant has filed a response to those objections, ECF No. 132.

　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court adopts the F&R's denial of Plaintiff's Rule 56(d) Motion, the F&R's determination of which facts are disputed and undisputed, and the F&R's ultimate

1

recommendation that Defendant's Motion for Summary Judgment, ECF No. 102, be granted.  The Court, however, here provides its own analysis of the relevant facts.

Plaintiff Dean Rodriguez, an inmate at Desert State Prison, makes two claims under 42 U.S.C. § 1983 that Defendant Shelly Matis, a Library Technical Assistant at Desert State Prison, violated his First Amendment rights:  (1) that he was fired from his job at the prison's law library in retaliation for advocating for a fellow inmate, and (2) that he was denied access to the law library in retaliation for filing a grievance concerning his firing.  The magistrate judge's F&R laid out the five elements of a First Amendment retaliation claim in the prison context:

> (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff (3) the adverse action was "because of" the plaintiff's protected conduct; (4) the adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal.

F&R, at 4 (quoting Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's two claims fail for two different reasons.  Plaintiff's retaliation claim premised on him being fired from his law library job fails because the conduct for which he was fired is not protected under the First Amendment.  Plaintiff's retaliation claim premised on the grievance he filed fails because Plaintiff does not present any evidence that supports a finding that Defendant retaliated against him.

**A.     Plaintiff's Speech In The Law Library On April 24, 2013 Was Not Protected Conduct**

As the F&R correctly concluded, Plaintiff's speech in the law library on April 24, 2013, was not protected conduct under the First Amendment.  On that day, while working in the law library, Plaintiff intervened in a dispute between Defendant and fellow inmate, Leon, over the correct interpretation of a court deadline for purposes of granting the fellow inmate priority status to access the library.  Plaintiff also questioned Defendant in front of other inmates, asking, "[A]re you calling [Leon] a liar?" Decl. of Ramiro Leon, ECF No. 15, App. J., at 84.

In the prison context, a plaintiff asserting a First Amendment retaliation claim must "prove . . . that he engaged in . . . speech in a manner consistent with legitimate penological interests." Watkins v. Kasper, 599 F.3d 791, 796 (7th Cir. 2010). As indicated in the F&R, Plaintiff's speech was not consistent with legitimate penological interests. His job description contained language that "prohibited him from answering questions of a 'professional nature.'" F&R, at 8 (quoting Compl., App. L, ECF No. 15, at 106). The job description also required Plaintiff to "maintain and display an acceptable attitude and demeanor at all times." Compl., App. L, at 106. Accordingly, it was against his job description to both (1) provide advice to his fellow inmate about the calculation of court due dates and how that calculation affects his priority access to the law library, and (2) to take a combative stance against Defendant, who was his supervisor.

In his objections to the F&R, Plaintiff argues that the job description's restrictions did not apply to him at the time he advocated on behalf of his fellow inmate because he made those comments as a "jailhouse lawyer." Objs. to F&R, ECF No. 131, at 4–5. However, it is undisputed that Plaintiff was working at the time he made his comments and at the time that he gave Defendant a "Form 22." While perhaps his speech would have been protected if he had made them while he was not on the job as a Library Clerk, the restrictions of his job shows that his speech was not protected. The F&R also ably cited similar cases in which insubordinate behavior was found not to be protected speech. See F&R, at 8 (citing Watkins, 599 F.3d 791; Smith v. Mosley, 535 F.3d 1270 (11th Cir. 2008)).

Plaintiff argues that the restrictions contained in his job description conflict with Title 15 of the California Code of Regulations, specifically § 3163, which states "[o]ne inmate may assist another in the preparation of legal documents." However, that very same section also states "[a]n inmate may be barred from giving legal assistance to other inmates when violations of regulations and established procedures relate directly to such activities." Cal. Code Reg. tit. 15, § 3163. The job description functions as just such a "regulation" or "established procedure[]" that can validly limit the ability of inmates

to assist others in preparing legal documents. Accordingly, because Plaintiff was working at the time he challenged Defendant's interpretation of a deadline and handed her a "Form 22," Plaintiff's speech was not protected and cannot give rise to a First Amendment claim under § 1983.

### B.   Plaintiff Has Not Shown Any Retaliation In Response To His Grievance

On May 13, 2013, Plaintiff submitted a grievance in which he claimed Defendant wrongfully fired him from his job in the law library. Unlike the disruptive speech of April 24, 2013, Plaintiff's grievance constitutes protected speech as it was made in accordance with the jail's penological interests. Plaintiff's claims, however, fail because the evidence does not demonstrate that Defendant retaliated against him. His proffered evidence does not show that he was denied library access as a result of his grievance.

Plaintiff submitted a request for law library access on May 28, 2013, and was ultimately given access eleven days later on June 8, 2013. Plaintiff provides no evidence that this short delay of access was due to anything other than the volume of inmates wanting to access the library. Plaintiff also contends that on his June 8 visit, he requested that Defendant print a case for him that he could not otherwise access. He also claims that Defendant did not provide the case until four minutes before his library time ended. Even fully crediting Plaintiff's account, Plaintiff's evidence does not support an inference that Defendant acted in retaliation. Plaintiff provides no evidence that casts doubt on Defendant's averment that she provided the case as soon as possible, given her other duties in the library. Even assuming that Defendant acted in retaliation, a mere delay in providing a printed case is not sufficiently adverse that it would chill a reasonable person's speech or dissuade a reasonable person from submitting grievances in the future.

Plaintiff also submitted a request for access on June 8, 2013, as he was leaving the law library that day. Plaintiff made another request on August 1, 2013, when he had priority status resulting from an August 8, 2013, due date to file a Petition for Panel

Rehearing with the Ninth Circuit. He subsequently received library access on August 6, 2013.[1] The law library was open only nine additional days in June 2013, and for only sixteen days in July 2013. This was due to holidays, staff training, meetings, and a modified program that ran from July 10 to July 22. Plaintiff has provided no evidence that his inability to access the law library between June 8, 2013, and August 6, 2013, was due to anything other than the volume of inmates requesting access and the limited amount of days the library was open during June and July. Indeed, once Plaintiff was subject to a due date and received priority status, he was given access in time to meet his deadline.

Plaintiff next claims that he was denied access until December 27, 2013 in retaliation for filing his grievance. He claims that he gave a fellow inmate, Garcia, several access requests so that Garcia could deliver them on his behalf. Plaintiff, however, provides no evidence that Garcia actually delivered the requests, and therefore has not created a genuine issue over whether Defendant received and ignored those requests. Plaintiff has not provided, for example, a declaration from Garcia that he delivered the requests. Plaintiff was finally granted access once he personally submitted a request on December 2, 2013. The only reasonable inference from the evidence provided is that Garcia did not deliver any library access requests on Plaintiff's behalf, and accordingly, Plaintiff has provided no evidence of retaliation that would defeat Defendant's motion.

Plaintiff also claims that Defendant denied his paging request—a request to have legal materials delivered to him—in retaliation for filing a grievance. However, Plaintiff has not demonstrated that he was entitled to paging. He provides no evidence that he satisfied any of the requirements set out in California Code of Regulations, Title 15, § 3123(c). While the list of circumstances for when an inmate is entitled to paging in that section is not exhaustive, Plaintiff has not provided any evidence of any other policy that

---

[1] Plaintiff and Defendant dispute whether access was given on August 6 or August 8. This difference between the parties' accounts, however, is immaterial.

1  entitled him to paging.  Therefore, the denial of paging cannot be reasonably construed
2  as an act of retaliation.
3      Plaintiff claims he was denied access in January 2014 in retaliation for having
4  filed a grievance.  He filed a request for priority status through March 2, 2013, based on
5  a reading of Evans v. Chavis, 546 U.S. 189 (2006), that he had 60 days to file a habeas
6  corpus petition.  However, Defendant had been directed not to grant priority status
7  based on Evans v. Chavis for longer than 30 days.  Accordingly, Plaintiff's request for
8  lengthening his priority status was denied for a non-retaliatory reason.  In his objections
9  to the F&R, Plaintiff argues that Defendant should not have rejected his request, but
10 merely shortened the time to 30 days.  Objs. to F&R, at 21–22.  That would have
11 resulted in Plaintiff having priority status through January 31 (30 days prior to March 2).
12 However, Plaintiff received access to the library throughout January 2014, accessing the
13 library on the 7th, 11th, 18th, 24th, and 30th.  That is, Plaintiff enjoyed exactly the priority
14 status he claims Defendant should have given him.
15     Finally, Plaintiff claims that Defendant refused to provide copies to him on
16 February 20, 2014, because she was busy.  While it is disputed whether this incident
17 ever took place, it is not reasonable to conclude that Defendant refused to make copies
18 in retaliation for Plaintiff's grievance.  This alleged incident took place over nine months
19 after Plaintiff filed his grievance, making Plaintiff's inference that Defendant acted in
20 retaliation too tenuous to make this incident material or to overcome Defendant's motion
21 for summary judgment.

## CONCLUSION

As set out above,

1. The Findings and Recommendations filed December 28, 2016, are
   REJECTED insofar as they conflict with the analysis set out above or reach

///

conclusions unnecessary to the determination of the motions before the Court, but are otherwise ADOPTED IN FULL;

2. Plaintiff's motion to stay, ECF No. 108, construed as a motion pursuant to Federal Rule of Civil Procedure 56(d), is DENIED;

3. Defendant's Motion for Summary Judgement, ECF No. 102, is GRANTED; and

4. The matter having now been concluded in its entirety, the Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: March 21, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE