UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | No. 2: 14-cv-1049 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 22, 2017, the court granted defendants' summary judgment motion and judgment was entered. (ECF Nos. 133, 134.) Plaintiff appealed the judgment to the Ninth Circuit Court of Appeals. (ECF No. 137.)

On April 22, 2019, pursuant to Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017), the Ninth Circuit Court of Appeals reversed and remanded this action on the grounds that the undersigned dismissed certain claims without consent from all parties. (ECF No. 140.) In Williams v. King, the Ninth Circuit ruled that 28 U.S.C. § 636(c)(1) requires the consent of all parties named in a civil case before a Magistrate Judge's jurisdiction vests for dispositive purposes. 875 F.3d at 503-04.

////

1

In accordance with the Ninth Circuit's April 22, 2019 order, on May 17, 2019, the undersigned recommended dismissal of those claims previously dismissed by the undersigned without the consent of all parties. (ECF No. 141.)

At the time the undersigned issued the May 17, 2019 findings and recommendations, the Ninth Circuit had not yet issued the mandate. On June 14, 2019, the Ninth Circuit issued the mandate. (ECF No. 145.) In an abundance of caution, the undersigned vacates the May 17, 2019 findings and recommendations. For the reasons stated herein, the undersigned again recommends dismissal of those claims previously dismissed by the undersigned without the consent of all parties.

Discussion

On September 5, 2014, the undersigned issued an order addressing the claims raised in the second amended complaint. (ECF No. 18.) The undersigned dismissed, without leave to amend, plaintiff's claims alleging an inadequate law library, inadequate law library access and race-based lockdowns on March 2, 2011 and November 9, 2012.[1] Pursuant to Williams v. King, the September 5, 2014 dispositive order dismissing these claims without leave to amend was improper because not all parties had consented to the undersigned's jurisdiction. Accordingly, for the reasons stated in the September 5, 2014 order, the undersigned now recommends dismissal of the claims alleging an inadequate law library, inadequate law library access and race-based lockdowns on March 2, 2011, and November 9, 2012, raised in the second amended complaint.

The undersigned herein addresses several arguments raised by plaintiff in his objections to the May 17, 2019 findings and recommendations in anticipation that they will be raised again in objections to the instant findings and recommendations.

In his objections, plaintiff argues that the undersigned's order screening the original complaint is subject to challenge for want of jurisdiction, pursuant to Williams v. King. For the reasons stated herein, this argument is without merit.

---

[1] In the September 5, 2014 order, the undersigned ordered service of plaintiff's claims alleging that defendants Foulk and St. Andre subjected plaintiff to a race-based lockdown on March 17, 2013. The undersigned also ordered service of plaintiff's claim alleging that defendant Matis retaliated against him.

2

On June 11, 2014, the undersigned dismissed original plaintiff's complaint with leave to amend. (ECF No. 9.) In this order, the undersigned also denied plaintiff's May 19, 2014 motion to amend his complaint to correct a typographical error. (Id.) Because neither of these orders was dispositive, they are unaffected by the remand of this action pursuant to Williams v. King. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (dismissal of complaint with leave to amend is a non-dispositive matter); S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013 ("[W]here the denial of a motion … is effectively a denial of the ultimate relief sought, such a motion is considered dispositive.")

In his objections, plaintiff argues that this action must restart anew from the erroneously issued September 5, 2014 order. This argument is without merit. It is clear that Williams v. King does not require this litigation to restart anew from the September 5, 2014 order *unless* the district court declines to adopt the recommendation that the claims alleging an inadequate law library, inadequate law library access and race-based lockdowns on March 2, 2011 and November 9, 2012 be dismissed.

Plaintiff also argues that this action should restart from the June 11, 2014 order dismissing the original complaint with leave to amend because the second amended complaint was filed without leave of court. For the following reasons, this argument is without merit.

On June 11, 2014, the undersigned dismissed the original complaint with leave to amend. (ECF No. 9.) On July 14, 2014, plaintiff filed a first amended complaint. (ECF No. 13.) On July 21, 2014, plaintiff filed the second amended complaint. (ECF No. 15.) On September 5, 2014, the undersigned issued the order screening the second amended complaint, rather than the first amended complaint. (ECF No. 18.) Based on these circumstances, plaintiff's argument that this action should proceed from the June 11, 2014 order because he filed the second amended complaint without leave of court is without merit. The undersigned observes that in the reply to plaintiff's objections, defendants waive any objection to the filing of the second amended complaint and provide consent to proceed on the second amended complaint filed July 21, 2014.

In his objections, plaintiff also argues that the undersigned mischaracterized his second amended complaint as a second amended complaint. Plaintiff argues that the second amended

3

complaint was actually a second re-iteration of the first amended complaint, with corrected exhibits. Based on these circumstances, plaintiff argues that he should now have the opportunity to withdraw the second amended complaint and replace it with a new amended complaint.

After reviewing the docket, the undersigned finds that the court did not mischaracterize the second amended complaint. Accordingly, plaintiff's argument that he should be allowed to file an amended complaint based on an alleged mischaracterization of the second amended complaint is without merit.

Remaining Matters

On January 5, 2015, the undersigned denied plaintiff's motion to amend. (ECF No. 30.) In an abundance of caution, pursuant to Williams v. King, the undersigned herein recommends that plaintiff's motion to amend (ECF No. 26) be denied for the reasons stated in the January 5, 2015 order.

On June 7, 2019 and June 28, 2019, plaintiff filed motions to enforce the Ninth Circuit's April 22, 2019 order. (ECF Nos. 143, 146.) Because the instant order addresses the Ninth Circuit's April 22, 2019 order, plaintiff's motions to enforce the Ninth Circuit's April 22, 2019 order are denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 17, 2019 findings and recommendations (ECF No. 141) are vacated;
2. Plaintiff's motions to enforce the Ninth Circuit's April 22, 2019 order (ECF Nos. 143, 146) are denied as moot;

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims in the second amended complaint alleging an inadequate law library, inadequate law library access and race-based lockdowns on March 2, 2011 and November 9, 2012 be dismissed;
2. Plaintiff's motion to amend (ECF No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

4

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 6, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rod1049.fr(2)