UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. RODRIGUEZ, | No. 2: 14-cv-1049 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

Introduction

　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for relief from judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  (ECF No. 165.)  Also pending is defendant Foulk and St. Andres' motion for extension of time to file an opposition to plaintiff's motion for relief from judgment.  (ECF No. 166.)  Good cause appearing, the motion for extension of time is granted.  Defendant Foulk and St. Andres' opposition is deemed timely filed.

　　For the reason stated herein, plaintiff's motion for relief from judgment is denied.

Background

　　On September 5, 2014, the magistrate judge issued an order screening the second amended complaint.  (ECF No. 18.)  The magistrate judge dismissed, without leave to amend, plaintiff's claims alleging race-based lockdowns on March 2, 2011 and November 9, 2012, inadequate law library and inadequate law library access.  (Id.)  The magistrate dismissed

1

1  plaintiff's claims alleging inadequate law library and inadequate law library access because
2  plaintiff failed to allege an actual injury.  (Id. at 11.)  The magistrate judge dismissed plaintiff's
3  claim alleging race-based lockdowns on March 2, 2011 and November 9, 2012 because plaintiff
4  linked no defendants to these claims.  (Id. at 14.)
5        The magistrate judge ordered service of plaintiff's claim alleging that defendants Foulk
6  and St. Andre subjected plaintiff to a race-based lockdown on March 17, 2013.  (Id. at 14-15.)
7  The magistrate judge also ordered service of plaintiff's claim alleging that defendant Matis
8  retaliated against him.  (Id.)
9        On March 9, 2015, defendants filed a motion to sever the claim against defendant Matis
10  from the claim against defendants Foulk and St. Andre on the grounds that they were improperly
11  joined.  (ECF No. 41.)  On April 3, 2015, the magistrate judge recommended that defendants'
12  motion to sever be granted.  (ECF No. 45.)  The magistrate judge found that while multiple
13  claims against a single party may be alleged in a single complaint, unrelated claims against
14  different defendants must be alleged in separate complaints.  (Id., citing George v. Smith, 507
15  F.3d 605, 607 (7th Cir. 2007).)  The magistrate judge recommended that the action proceed on the
16  race-based lockdown claim against defendants Foulk and St. Andre, but granted plaintiff fourteen
17  days to inform the court if he would prefer to proceed on the retaliation claim against defendant
18  Matis.  (Id.)
19        Plaintiff filed objections to the findings and recommendations, which the court construed
20  as a request to voluntarily dismiss this action.  (ECF Nos. 46, 47.)  Accordingly, on May 19,
21  2015, the court dismissed this action.  (ECF No. 47.)
22        On May 29, 2015, plaintiff filed a motion pursuant to Federal Rule of Civil Procedure
23  60(b).  (ECF No. 48.)  Plaintiff stated that in his objections to the April 3, 2015 findings and
24  recommendations, he meant to request only that his claim against defendants Foulk and St. Andre
25  alleging race-based lockdowns be dismissed.  (Id.)  Plaintiff stated that he did not intend to
26  dismiss the entire action.  (Id.)
27        On July 9, 2015, the court granted plaintiff's May 29, 2015 motion brought pursuant to
28  Rule 60(b).  (ECF No. 53.)  The court dismissed plaintiff's claim against defendants Foulk and St.

1 | Andre alleging a race based lockdown and ordered the action to proceed on plaintiff's retaliation
2 | claim against defendant Matis.  (Id.)
3 |       On March 22, 2017, the court granted defendants Matis' summary judgment motion and
4 | judgment was entered.  (ECF Nos. 133, 134.)  Plaintiff appealed the judgment to the Ninth Circuit
5 | Court of Appeals.  (ECF No. 137.)
6 |       On April 22, 2017, pursuant to Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017),
7 | the Ninth Circuit Court of Appeals reversed and remanded this action on the grounds that the
8 | magistrate judge improperly dismissed the claims found not colorable in the second amended
9 | complaint without consent from all parties in the order filed September 5, 2014.  (ECF No. 140.)
10 | In Williams v. King, the Ninth Circuit ruled that 28 U.S.C. § 636(c)(1) requires the consent of all
11 | parties named in a civil case before a Magistrate Judge's jurisdiction vests for dispositive
12 | purposes.  875 F.3d at 503-04.
13 |       On December 6, 2019, the magistrate judge recommended dismissal of the claims
14 | previously found not colorable in the second amended complaint, i.e., plaintiff's claims alleging
15 | an inadequate law library, inadequate law library access and race-based lockdowns on March 2,
16 | 2011 and November 9, 2012.  (ECF No. 157.)
17 |       On February 19, 2020, the undersigned adopted the December 6, 2020 findings and
18 | recommendations.  (ECF No. 161.)  On February 21, 2020 and February 22, 2020, defendants
19 | requested that judgment be entered.  (ECF Nos. 162, 163.)  On February 26, 2020, judgment was
20 | entered.  (ECF No. 164.)
21 |       On March 23, 2020, plaintiff filed the pending motion for relief from judgment.  (ECF No.
22 | 165.)
23 | Legal Standard
24 |       Where the court's ruling has resulted in a final judgment or order, a motion for
25 | reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule
26 | 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See Am.
27 | Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).
28 |       A motion to alter or amend judgment under Rule 59 must be made no later than twenty-

1    eight days after entry of judgment.  See Fed. R. Civ. P. 59(e).  A motion for reconsideration under
2    Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court
3    is presented with newly discovered evidence, committed clear error, or if there is an intervening
4    change in the controlling law.'"  McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999)
5    (citations omitted).

6    Rule 60(b) lists six grounds for relief from a judgment.  Such a motion must be made
7    within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the
8    judgment was entered.  See Fed. R. Civ. P. 60(b).

9    Rule 60(b) provides for reconsideration where one or more of the following is shown: (1)
10   mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due
11   diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse
12   party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason
13   justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J, Multnomah County, Or. v. ACandS Inc.,
14   5 F.3d 1255, 1263 (9th Cir. 1993).

15   Discussion

16   Plaintiff's pending motion raises four claims for relief.  Plaintiff also separately argues
17   that the judgment is void pursuant to Rule 60(b)(4).

18   *Claim One*

19   Plaintiff appears to argue that the magistrate judge improperly dismissed, by order, the
20   claims found not potentially colorable in the second amended complaint on the grounds that the
21   defendants, against whom those non-colorable claims were made, did not consent to the
22   magistrate judge's jurisdiction.  (ECF No. 165 at 2.)

23   As discussed above, on December 6, 2019, the magistrate judge recommended dismissal
24   of those claims previously found not colorable in the second amended complaint.  (ECF No. 157.)
25   On February 19, 2020, the undersigned adopted these findings and recommendations.  (ECF No.
26   161.)  The undersigned was not required to obtain consent from the previously dismissed
27   defendants in order to dismiss those claims previously found not colorable by the magistrate
28   judge.  No jurisdictional error occurred.  Accordingly, plaintiff is not entitled to relief under either

4

Rule 59(e) or 60(b) with respect to claim one.

*Claim Two*

Plaintiff argues that the court failed to take judicial notice of two cases cited in his objections to the December 9, 2019 findings and recommendations, i.e., Mitchell v. Cate, 2014 U.S. Dist. Lexis 17239 (E.D. Cal. Feb. 2, 2014), and Penton v. Pool, 724 Fed. Appx. 546, 548-49 (9th Cir. 2018).[1] (ECF No. 165 at 2.) Plaintiff argues that Mitchell v. Cate is relevant to his dismissed claims alleging race-based lockdowns on March 2, 2011 and November 9, 2012, and Penton v. Pool is relevant to his dismissed claims alleging denial of access to the courts based on an inadequate law library and inadequate law library access. (Id.)

Although plaintiff argues that the undersigned failed to take judicial notice of the two cases cited above, plaintiff is really arguing that the undersigned erred in dismissing his claims based on these two cases. While the undersigned did not directly address these cases in the order adopting the December 6, 2019 findings and recommendations, the undersigned considered all argument raised in plaintiff's objections before adopting the December 6, 2019 findings and recommendations. Nevertheless, in an abundance of caution, the undersigned herein addresses plaintiff's arguments that the court erred in dismissing his claims alleging race-based lockdowns, inadequate law library and inadequate law library access based on Mitchell v. Cate and Penton v. Pool.

In Mitchell v. Cate, 2: 08-cv-1196 (E.D. Cal. 2008), a class of inmates alleged racially discriminatory lockdowns at High Desert State Prison ("HDSP"). On February 11, 2014, in Mitchell v. Cate, the Honorable Troy L. Nunley granted in part and denied in part defendants' summary judgment motion. See 2: 08-cv-1196 (ECF No. 317.) The parties in Mitchell v. Cate reached a settlement of the class claims for injunctive relief, and on October 8, 2015 Judge Nunley approved the stipulated settlement. Id. (ECF No. 393). On December 20, 2016, Mitchell v. Cate was dismissed. Id. (ECF No. 393).

In his objections, plaintiff requested that the court take judicial notice of the facts alleged

---

[1] In his objections, plaintiff cited Mitchell v. Cate (see ECF No. 160 at 16-17, 30) and Penton v. Pool (id. at 9).

5

1    in Mitchell v. Cate in support his claim that the named defendants established a race-based
2    lockdown policy at HDSP.  (ECF No. 160 at 30.)  Based on Mitchell v. Cate, plaintiff appeared to
3    argue that the court should grant him leave to amend as to his previously dismissed claim alleging
4    race-based lockdowns on March 2, 2011 and November 9, 2012.  (Id.)  Plaintiff appeared to argue
5    that, based on information in Mitchell v. Cate, he could now link defendants to his claim alleging
6    race-based lockdowns on March 2, 2011 and November 9, 2012.  (Id.)

    Allowing plaintiff to amend his complaint at this stage of this litigation would greatly
prejudice defendants as it would significantly delay resolution of this action.  See Leadsinger, Inc.
v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (factors to consider in whether granting
leave to amend include prejudice to the opposing party, undue delay, futility, bad faith).

    Moreover, as discussed above, plaintiff chose to proceed on his retaliation claim rather
than his claim alleging that defendants Foulk and St. Andre subjected plaintiff to a race-based
lockdown on March 17, 2013.  The undersigned would not permit plaintiff to now amend his
complaint to include race-based lockdown claims which are unrelated to the claim on which this
action proceeds.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Therefore, plaintiff's
proposed amendments are futile.

    Plaintiff sought leave to amend his previously dismissed race-based lockdown claims
pursuant to Mitchell v. Cate only after the Ninth Circuit's April 22, 2019 order remanding this
action pursuant to Williams v. King, supra.  While these circumstances do not necessarily
demonstrate undue delay or that plaintiff acted in bad faith, the undersigned finds that the factors
of prejudice to defendants and futility warrant denial of plaintiff's request to amend his
previously dismissed race-based lockdown claims.

    For the reasons discussed above, this undersigned did not err in adopting the December 6,
2019 findings and recommendations recommending dismissal of plaintiff's claim alleging race-
based lockdowns on March 2, 2011 and November 9, 2012.  Plaintiff's motion for relief from
judgment pursuant to Mitchell v. Cate  is denied.

    To put plaintiff's argument regarding Penton v. Pool in context, the undersigned
summarizes the grounds for dismissal of plaintiff's access to the courts claims.

6

In the second amended complaint, plaintiff alleged that he was denied access to the courts due to inadequacies of the HDSP law library and inadequate law library access. (ECF No. 18 at 1-17.) Plaintiff alleged that these inadequacies impacted his ability to proceed with his federal habeas corpus petition. (Id.)

In the September 5, 2014 order dismissing plaintiff's access to the courts claims, the magistrate judge found that plaintiff has failed to demonstrate that he suffered any actual injury in connection with his federal habeas corpus petition based on the alleged inadequacies of the HDSP law library or alleged inadequate law library access. (ECF No. 18 at 11-13.) See Lewis v. Casey, 518 U.S. 343, 350-55 (1996). The magistrate judge summarized the docket from plaintiff's habeas corpus petition filed in the United States District Court for the Central District. (Id. at 8-10.) The magistrate judge found that the alleged inadequacies of the HDSP law library or alleged inadequate law library access did not stymy plaintiff's ability to file pleadings connected with his federal habeas corpus petition.[2] (Id. at 11-13.)

In Penton v. Pool, 724 Fed.Appx. 546 (9th Cir. 2018), the plaintiff also alleged inadequate law library access in connection with his federal habeas corpus petition. Due to alleged mishandling of his mail, the plaintiff was unable to file objections to the findings and recommendations recommending that the petition be denied and an appeal of an order adopting the findings and recommendations. 724 Fed.Appx. at *548. The district court found that the plaintiff did not allege an actual injury on the grounds that the federal petition did not have merit. Id. The Ninth Circuit reversed, finding that actual injury is not assessment of the merits of the underlying claim. Id. (citing Allen v. Sakai, 48 F.3d 1082 (9th Cir. 1994) (an inmate must merely show that he "could not *present a claim* to the courts because of the state's failure to fulfill its constitutional obligations) (emphasis added)).

In the instant case, the court made no finding regarding the merits of plaintiff's habeas

---

[2] For example, the magistrate judge found, "While plaintiff claims he could not access any of the second series of the Federal Reporters or volumes 1-270 of the third series of Federal Reporters in the HDSP law library computers, plaintiff's 174 page traverse, filed March 1, 2012, cited 195 federal cases, including many that were allegedly unavailable in the HDSP law library." (ECF No. 18 at 11.)

1  petition.  Rather, the court found that plaintiff's claim that he could not present claims based on
2  alleged inadequacies of the law library and alleged inadequate law library access was not
3  supported by the record.  <u>Penton v. Pool</u> does not change this finding.  For these reasons, the
4  undersigned did not err in adopting the December 6, 2009 findings and recommendations
5  recommending dismissal of plaintiff's claim alleging inadequate law library and inadequate law
6  library access.  Accordingly, plaintiff's motion for relief for judgment pursuant to <u>Penton v. Pool</u>
7  is denied.

*Claim Three*

9  Plaintiff argues that the court wrongly dismissed the claim alleging that defendants St.
10  Andre and Foulk subjected him to a race-based lockdown on March 17, 2013, which it previously
11  found colorable.

12  On September 5, 2014, the magistrate judge found that plaintiff's claim alleging that
13  defendants' St. Andre and Foulk stated a potentially colorable claim for relief.  (ECF No. 18.)  On
14  July 9, 2015, the court granted plaintiff's request to voluntarily dismiss his claims against
15  defendants St. Andre and Foulk.  (ECF No. 53.)  None of the rulings by the Ninth Circuit in the
16  May 22, 2017 order remanding this action disturbed plaintiff's voluntary dismissal of this claim.
17  Accordingly, plaintiff's claim that the court wrongly dismissed his claim that defendants St.
18  Andre and Foulk subjected him to race-based lockdowns on March 17, 2013 is without merit.

*Claim Four*

20  As discussed above, on February 19, 2020, the undersigned adopted the December 6, 2019
21  findings and recommendations recommending dismissal of those claims previously dismissed by
22  order by the magistrate judge.  (ECF No. 161.)  On February 21, 2020 and February 22, 2020,
23  defendants requested entry of judgment.  (ECF Nos. 162, 163.)  The Clerk of the Court entered
24  judgment on February 26, 2020.  (ECF No. 164.)

25  In claim four, plaintiff argues that the court erred by failing to grant him an opportunity to
26  respond to defendants' request for entry of judgment.  The court was not required to grant
27  plaintiff an opportunity to respond to defendants' request for entry of judgment.  This claim for
28  relief from judgment is without merit.

*60(b)(4)*

Plaintiff argues that the February 26, 2020 judgment is void. "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999). However, a complete lack of jurisdiction "must be distinguished from an error in the exercise of jurisdiction." United Student Aid Funds Inc. v. Espinosa, 559 U.S. 260, 271 (2010). Only "rare instances of a clear usurpation of power" will void a judgment. Id. (quoting United States v. Bach Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)).

Plaintiff does not explain how the court lacked jurisdiction when judgment was entered. Accordingly, the court finds that plaintiff's claim that the court lacked jurisdiction to enter the February 26, 2020 judgment is without merit.

Accordingly, IT IS HERBY ORDERED that:

1. Defendants' motion for an extension of time (ECF No. 166) is granted;
2. Plaintiff's motion for relief from the judgment (ECF No. 165) is denied;
3. The Clerk of the Court is directed to serve this order on the Ninth Circuit Court of Appeals.

Dated: December 21, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

Rod1049.57(2)